The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
Defendant has moved to dismiss plaintiff's appeal to the Full Commission, pursuant to Rule 701(4), for failure of plaintiff to timely file a Form 44 or brief in the case. The undersigned, in their discretion pursuant to Rule 801 and in the interest of justice, HEREBY DENY defendant's motion and proceed to consider the appeal on the merits.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
 ***********
Accordingly, the undersigned find as fact and conclude as a matter of law the following, which were entered into by the parties at the initial hearing as:
 STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all times relevant to this claim.
2. At all times pertinent hereto, there was an employment relationship between the plaintiff-employee and defendant-employer.
3. The defendant is a properly self-insured entity.
4. The day of the claimed injury is November 5, 1996.
 ***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following:
 FINDINGS OF FACT
1. On November 5, 1996, employee-plaintiff was employed with defendant Food Lion, Inc., as a grocery store manager earning $11.50 per hour. Plaintiff acknowledged that his regular hours were 40 to 48 hours a week, but that long hours were typical during his employment with Food Lion, Inc.
2. As a grocery store manager, plaintiff's duties involved supervising the stockroom, stocking shelves, maintaining displays, and organizing the back room. Jimmy Kluttz, the store manager, was plaintiff's supervisor and was responsible for directing his work and rescheduling his hours.
3. Plaintiff contended that his only prior back problem occurred three years prior to 1993, when he strained some muscles and was out of work for six months. Plaintiff stated that for the next three years, he did not have any problems with his back. He further stated that he sought no medical treatment between his release in December of 1993 and his claimed work-related incident in November of 1996. Plaintiff went on to claim that prior to his surgery with Dr. Bell in February of 1997, he had never been hospitalized for his back and had never been diagnosed with a herniated disc. However, stipulated medical records reflect that when plaintiff sought treatment from Dr. McWhorter on August 30, 1993, he reported a two-year history of back pain with associated shooting pains and discomfort in the left leg. This same report also reflects that Mr. Whitley was admitted to the hospital for a myelogram and for a post myelogram CT scan. He was diagnosed with a herniated disc pursuant to an MRI performed in September 1993. In addition, these same medical records reflect that plaintiff sought treatment with Physician's Assistant Ruhlman on November 1, 1995, one year before the claimed work-related injury, for increasing symptoms of mid and low back pain over the past six months with no history of injury. When confronted with his contradictory documentation, plaintiff acknowledged that prior to November 5, 1996, he had complained to his Store Manager, Jimmy Kluttz, of back discomfort which plaintiff attributed to working long hours at Food Lion..
4. Plaintiff stated that on November 5, 1996, he was loading a pallet with trainee, Aaron Smith. He claims that he stepped onto the pallet and that his foot slipped through a loose board. Plaintiff said that he removed his foot and then started to lift a case of soap, which was when he claims he felt a sharp pain in his lower back. At the initial hearing, plaintiff contended that Mr. Smith saw this injury occur, asked the plaintiff what happened, and was told by plaintiff that he had injured his back. However, in plaintiff's stipulated recorded statement, he reported no eyewitnesses to his injury.
5. Plaintiff stated that he attempted to immediately report his injury to Manager Jimmy Kluttz or the assistant manager by leaving messages on their answering machines, but was unable to speak directly to either of them. Thereafter, plaintiff stated that he was unable to speak directly to either of them. Plaintiff contended that he was unable to complete his shift due to back pain and went home. However according to plaintiff's recorded statement, he noted that he was able to finish his shift and then spoke with Mr. Kluttz a day or so later. Although plaintiff stated at the initial hearing that he reported to both Mr. Kluttz and Scott Miller that he had injured his back lifting bleach, Mr. Kluttz' statement and the Form 19 filed with the Industrial Commission by Mr. Miller reflect only complaints of recurring back pain with no mention of a specific work-related injury.
6. Plaintiff next stated that he sought medical treatment two days after his injury of November 5, 1996. However, the stipulated medical records reflect that no medical treatment was obtained until November 18, 1996, when the plaintiff was seen by Physician's Assistant Ruhlman. Although plaintiff contended that he had never seen Mr. Ruhlman for this type of problem, the Physician's Assistant report of November 18, 1996, reflects that Mr. Whitley had a long history of recurrent back pain with increasing pain over the last several weeks and no specific injury. In addition, Mr. Whitley reported to Mr. Ruhlman that he had to miss six months of work the prior year because of a similar problem. Subsequently, Mr. Ruhlman testified by deposition that in his opinion, employee-plaintiff's chronic back pain, bulging disc and muscle spasms were due to his injury dating back to April of 1991, which occurred while plaintiff was working on his car.
7. Although plaintiff stated that he was unable to work following his claimed injury of November 5, 1996, records reflect that plaintiff returned to his employment at Food Lion through November 20, 1996. Then, on November 21, 1996, plaintiff was examined by Dr. Bell. The report of this examination reflects no history of trauma at work, which Dr. Bell acknowledged he would have noted. Rather, the doctor's report reflects only continuing problems with Mr. Whitley's back and left leg. Dr. Bell diagnosed plaintiff with a possible ruptured disc or nerve root compression and recommended an MRI scan. Dr. Bell also testified in his deposition that his partner, Dr. McWhorter, had previously ordered an MRI scan, which was performed on September 23, 1993. This MRI revealed a central herniated disc at L5-S1, extending more to the left. The doctor felt that based on the second scan of December 10, 1996, which he did not compare with the first, employee-plaintiff still had the same condition as diagnosed in 1993, namely a herniated disc. Surgery was recommended. Dr. Bell confirmed that Mr. Whitley made no mention of a work-related injury until December 12, 1996, when he reported that his problems began in July of 1996 when he started working upwards of 60 hours per week and that he at that time stated that he had been unable to do anything since November 5, 1996, when he was helping stack displays and felt pain in his back and down his left leg.
8. Dr. Bell performed plaintiff's laminectomy on February 19, 1997. Although Dr. Bell felt that employee-plaintiff's back progressed well following surgery, Mr. Whitley began to complain of pain and numbness in his hands beginning March 27, 1997, to which Dr. Bell then focused his treatment. Dr. Bell did not believe employee-plaintiff's carpal tunnel syndrome, shoulder complaints, or alleged thoracic outlet syndrome were related to plaintiff's claimed back injury of November 5, 1996. On July 7, 1997, Dr. Bell released plaintiff from treatment with regard to his back and issued a 15% permanent partial impairment rating by letter dated August 22, 1997. Dr. Bell acknowledged that his opinion as to work-relatedness was based solely on the information provided by Mr. Whitley on December 12, 1996.
9. Although plaintiff has been released to return to work beginning July 7, 1997, he has failed to attempt employment. Plaintiff's absence from work beginning on this date is due to conditions unrelated to his employment.
10. Plaintiff has received short term disability and continues to receive long term disability benefits, which began in January of 1997, at a rate of $1,327.00 per month. Such benefits are available for management employees, are wholly funded by the defendant, and are not due and payable for workers' compensation injuries.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the competent, credible, or convincing evidence that on November 5, 1996, he sustained an injury by accident arising out of and in the course of his employment with employer-defendant in that he did not injure his back as a result of an accident or a specific traumatic incident while performing his assigned work duties. Employee-plaintiff's testimony to the contrary is not accepted as credible or convincing and was contradicted by the stipulated employment and medical records, along with the testimony of Physician's Assistant Ruhlman and Dr. William O. Bell. N.C.G.S. § 97-2(6). The undersigned defer to Deputy Commissioner Holmes' credibility determination in this regard.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the undersigned enter the following:
 ORDER
1. Each side shall pay its own costs, except the defendant shall be responsible for payment of an expert witness fee to Physician's Assistant Ruhlman in the amount of $150.00.
It is furthermore ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of January, 1999.
 S/_________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/______________________ THOMAS J. BOLCH COMMISSIONER